States for the District of Nebraska. E. Wakeley and A. C. Wakeley, for plaintiff in error. W. R. Kelly and John N. Baldwin, for defendants in error. Dismissed, without costs to either party in this court, per stipulation, and mandate waived.

---

WESTENFELDER v. GREEN et al. (Circuit Court of Appeals, Ninth Circuit. October 24, 1898.) No. 423. Order dismissing appeal vacated, and cause restored to calendar, with leave to appellant to print such parts of original record as may show the jurisdiction in this court of the cause, and such other parts thereof as may be necessary to a consideration of the merits of the case. See 31 C. C. A. 596, 87 Fed. 1006.

---

WOODWORTH et al. v. NORTHWESTERN MUT. LIFE INS. CO. (Circuit Court of Appeals, Eighth Circuit. January 24, 1899.) No. 1,086. Appeal from the Circuit Court of the United States for the District of Nebraska. I. R. Andrews, for appellants. Howard Kennedy, Jr., for appellee. No opinion. Affirmed, with costs, on the authority of Seaman v. Insurance Co., 30 C. C. A. 212, 86 Fed. 493, 58 U. S. App. 632.

---

WOODWORTH et al. v. NORTHWESTERN MUT. LIFE INS. CO. (Circuit Court of Appeals, Eighth Circuit. January 24, 1899.) No. 1,087. Appeal from the Circuit Court of the United States for the District of Nebraska. I. R. Andrews, for appellants. Howard Kennedy, Jr., for appellees. No opinion. Affirmed, with costs, upon consent of appellants.

---

In re HUI GNOW DOY.

(District Court, N. D. California. December 17, 1898.)

No. 11,622.

DEPORTATION OF CHINESE.

Proceeding upon habeas corpus. The petitioner is of Chinese descent, but in his petition he stated that he was born in the United States, and upon that ground asked the court to adjudge that he is entitled to enter and remain in this country. Upon the hearing the petitioner testified that he was born at No. 710 Dupont street, in the city of San Francisco, on January 30, 1879, and was taken by his parents to China in 1881, where he remained until a few weeks prior to the date of filing the petition herein. In his testimony he was corroborated by two other Chinese witnesses, who also testified that upon visits to China in the years 1886 and 1894 they had seen the petitioner there. Neither the petitioner nor his witnesses speak the English language, and their testimony was given through an interpreter.

Alfred L. Worley, for petitioner.
H. S. Foote, for the United States.

DE HAVEN, District Judge. I have fully discussed in the opinion this day rendered in Re Jew Wong Loy, 91 Fed. 240, on habeas corpus, the rule by which the court should be governed in disposing of cases of this character, where the claim made by the petitioner is supported only by the testimony of Chinese witnesses. It will only be necessary, therefore, for me to announce my conclusion in this case, which is that I am not satisfied, from the evidence submitted, that the petitioner was born in the United States, as claimed by him. The testimony of the petitioner and his witnesses was devoid of reference to any incident or circumstance by means of which their